IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NITRA GIPSON | § | |
| | § | |
| VS. | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| SARA COSTIN, | § | CIVIL ACTION NO. _____ |
| BENNETT, DELONEY & NOYES, PC, | § | |
| UNKNOWN WAL-MART MANAGER, | § | |
| UNKNOWN WAL-MART MANAGER | § | |
| BENNETT DELONEY & NOYES, PC | § | |
| MICHAEL BENNETT, | § | |
| RICHARD DELONEY, AND | § | |
| RONALD NOYES, JR. | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW **DEFENDANTS, WAL-MART STORES TEXAS, L.L.C.** (incorrectly named as Wal-Mart Stores, Inc.) and **SARAH COSTIN** (incorrectly named as "Sara Costin"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I. STATEMENT OF GROUND FOR REMOVAL

On or about June 12, 2008, Plaintiff Nitra Gipson commenced an action in the 127th Judicial District Court of Harris County, Texas captioned "Cause No. 2008-35486; No. 2008-35486; *Nitra Gipson v. Wal-Mart Stores, Inc., Sara Costin, Bennett, Deloney & Noyes, P.C., Unknown Wal-Mart Manager, Michael Bennett, Richard Deloney, and Ronald Noyes, Jr.*" Gipson alleges damages resulting from an incident that occurred on May 20, 2008, at Wal-Mart Store #2718, in Houston, Texas.

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendants gave written notice of the filing to the Plaintiff and Plaintiff's counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

Removal is timely as the first date upon which any of the Defendants received Plaintiff's Original Petition and Summons was on or about June 30, 2008, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

According to her Original Petition, Gipson was a resident of Harris County, Texas at the time suit was commenced.[1]

---

[1]   Exhibit "A" Plaintiff's Original Petition at Paragraph II.

Defendant Wal-Mart Stores Texas, L.L.C., (incorrectly named as Wal-Mart Stores, Inc.) is, and at the time of filing of this action was, a limited liability corporation existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.

Defendant Sarah Costin is a citizen of the State of Texas.

Defendant Bennett DeLoney & Noyes P.C. is a professional corporation existing under the laws of the state of Utah.

Defendant Michael B. Bennett is a citizen of the State of Utah.

Defendant Richard DeLoney is a citizen of the State of Utah.

Defendant Ronald Noyes is a citizen of the State of Utah.

The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

All Defendants consent to removal.

## V.  PLAINTIFF'S ALLEGATIONS

Gipson claims that Wal-Mart and Costin are liable under the following causes of action:

- False arrest

- False imprisonment

- Malicious prosecution

- Defamation – slander per se

- Defamation – libel per se

- Intentional infliction of emotional distress

- Deceptive Trade Practices in representing that goods and services were not as represented - negotiable as cash

- Fraud

- Conversion

- Negligence in handling the investigation that led to Gipson's arrest

- Gross negligence in handling the investigation that led to Gipson's arrest

- Using lawyers to extort money from Gipson in violation of Texas Fair Debt Collection Act and Deceptive Trade Practices Act[2]

Gipson seeks "disgorgement of all profit Wal-Mart has made from its banking operations that included retention of Ms. Gipson's money for the time period that Wal-Mart has stolen her money."[3] Gipson also seeks actual and punitive damages for "Wal-Mart's intentional acts of depriving her of her property."[4]

Additionally, Gipson asks for injunctive relief in the following manner:

- To stop Wal-Mart from engaging in selling money orders until it adapts honest business practices and complies with ethical business standards;

- Enjoin Wal-Mart from charging anyone who holds Wal-Mart money orders until Wal-Mart has verified the fact that they have been reported stolen;

- Wal-Mart ordered to install state of the art technology that provides instant verification of the money orders it sells so other citizens will not be in jeopardy of arrest

- Enjoin Wal-Mart from engaging in any banking services or business until it can be done safely[5]

Gipson claims that Wal-Mart, through its agents, Bennett Deloney & Noyes, P.C., Michael Bennett, Richard Deloney, and Ronald Noyes, Jr. are liable to Gipson for:

- Violating the Texas Fair Debt Collection Act

---

[2] *Id.* at Page 5–7.

[3] *Id.* at Page 6.

[4] *Id.*

[5] *Id.* at Page 6–7.

- Falsely accusing Gipson of shoplifting

- Unauthorized practice of law

- Libel *per se*

- Slander *per se*[6]

Gipson seeks "the full extent of damages including punitive damages from all of said Defendants."[7]  She also asks that Bennett DeLoney & Noyes, P.C. and its attorneys be enjoined from sending any communication in any state which it is not licensed to practice.   Further, Gipson requests an "immediate evidentiary hearing to determine if these attorneys in concert with Wal-Mart are violating Texas Disciplinary Rules in addition to State Penal Code and should warrant immediate referral to the State Bar and/or Attorney General of Texas for prosecution."[8]

Gipson seeks actual damages, compensatory damages, consequential damages, lost income, lost future opportunity, and exemplary damages.[9]

## VI.  JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.   The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal.[10]

---

[6]  *Id.* at Page 7.

[7]  *Id.* at Page 8.

[8]  *Id.*

[9]  *Id.* at Page 8–9.

[10]  *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The relevant jurisdictional facts are to be judged as of the time of removal.[11] Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached.[12]

### A.    Amount in Controversy Exceeds $75,000

#### 1.    Applicable Law

When a plaintiff does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[13]  A defendant can carry its burden by showing that it is either facially apparent from plaintiff's petition that plaintiff's claims are likely to exceed $75,000, or presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum.[14]  Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy."[15]

If defendant satisfies one of these two requirements, plaintiff can only defeat removal if he proves that, "to a legal certainty," his claims will not exceed $75,000.[16]  The primary inquiry is whether it is facially apparent from the allegations in the plaintiff's petition that the amount in controversy exceeds $75,000.  In *Gebbia v. Wal-Mart Stores, Inc.*, plaintiff alleged that she suffered injuries to her right wrist, left knee and patella, and upper and lower back as a result of a slip and fall in the produce section of a Wal-Mart store.[17]  Although she did not pray for a specific amount of damages, she sought to recover for medical expenses, physical pain and

---

[11]  *Allen*, 63 F.3d at 1335.

[12]  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[13]  *Id.*

[14]  *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[15]  *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2–3 (5th Cir. 2002).

[16]  *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1993).

[17]  233 F.3d 880, 881 (5th Cir. 2000).

suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, permanent disability, and disfigurement.[18]  After defendant removed the case to federal court, plaintiff sought remand on the grounds that the amount in controversy did not meet the jurisdictional minimum of $75,000.[19]  The district court denied remand, and the case proceeded to trial where a jury found for defendant.[20]   After a *de novo* review, the Fifth Circuit held that plaintiff's allegations supported damages in an amount large enough to confer removal jurisdiction.[21]

    2.    Analysis

Given the severity of Plaintiff's alleged injuries and the nature of damages sought (actual, compensatory, exemplary, lost profits, lost time, mental anguish), it is facially apparent that the amount in controversy in the instant case exceeds $75,000.[22]

**B.**    **Diversity of Citizenship**

    1.    Factual Background

As set forth, *supra*, Costin is a citizen of the State of Texas.  At the time of the incident, Costin was employed as an asset protection associate at Wal-Mart Store #2718 in Houston, Texas.  Gipson contends that Costin was negligent and/or grossly negligent on the occasion in question by the commission of various acts and omissions.[23]

    2.    Applicable Law—Improper Joinder

---

[18]  *Id.*

[19]  *Id.* 881–82.

[20]  *Id.* at 882.

[21]  *Id.* at 883. *See also Fall v. Novoship (UK) LTD.*, 2007 WL 2155796, *3 (E.D. La. 2007) (claims that allege serious physical, emotional, and mental pain, or progressive and disabling injuries have been held to meet the standard set forth in *Gebbia*).

[22]  *See Gebbia*, 233 F.3d at 881.

[23]  Exhibit "A" at Page 5–7.

The citizenship of non-diverse defendants may be disregarded for the purposes of determining diversity if fraudulent or improper joinder is established.[24]  Absent outright fraud in the pleadings, an in-state defendant is fraudulently or improperly joined if the Court finds "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[25]  The Fifth Circuit emphasized that such possibility must be reasonable, and not be merely theoretical.[26]  To make this determination, the Court conducts a "Rule 12(b)(6)-type analysis."[27]

3.    Applicable Law—Independent Duty

An employee may be held individually liable for his or her actions in an employment context only if the employee owes an independent duty of care to the claimant, apart from the employer's duty, or commits an intentional tort against the claimant.[28]

In 1999, this Court examined such issue in *Palmer v. Wal-Mart Stores, Inc.*,[29] in which Plaintiff Jacqueline Palmer named the store manager as a defendant.  In denying remand, the Court noted that Palmer made no allegations that the store manager owed "her any *independent duty* of duty of reasonable care, apart from that which his employer owed any store patron."[30]  Indeed, Palmer merely alleged that the manager was "liable for some action plainly committed within the course and scope of his employment as a [store manager]."[31]  The Court held that "[i]n

[24] *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992).

[25] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[26] *Id.* at 573 n. 9.

[27] *Id.* at 573.

[28] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added).

[29] 65 F.Supp.2d 564 (S.D. Tex. 1999)

[30] *Id.* at 567 (emphasis in original).

[31] *Id.*

light of the controlling *Leitch* precedent, the joinder of [the store manager] for purposes of defeating diversity jurisdiction borders on being sanctionable."[32]

In contrast, the Fifth Circuit noted that "*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context."[33] However, the Texas Supreme Court recently confirmed that the broad applicability of *Leitch* includes invitor-invitee circumstances.[34]   Subsequently, in *McKinney v. Home Depot, USA, Inc.*,[35] the court examined whether a managerial employee was properly joined in a suit arising from a premises liability claim.  Citing *Tri*, the court held that it was "satisfied that the principles of *Leitch* are controlling in this action.  Therefore, unless the [employee] had an independent duty to plaintiff, there is no reasonable possibility of recovery against [the employee], and [the employee] is improperly joined."[36]

In another case denying remand, the court noted that, despite the allegation that an independent cause of action against the store manager existed, plaintiff contended that the manager and "all other employees of Home Depot were acting in the course and scope of their employment..."[37]

4.   Analysis

The alleged acts and/or omissions attributed to Costin by Gipson do not include the commission of an intentional tort against Gipson.[38]  Moreover, such acts and/or omissions relate solely to Costin's duties performed in the course and scope of her employment with Wal-Mart.

[32]  *Id.*

[33]  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 294 n. 5 (5th Cir. 2000).

[34]  *Tri v. J.T.T.*, 162 S.W.3d 552, 562–63 (Tex. 2005).

[35]  2006 WL 2947324 (N.D. Tex. 2006) (not reported).

[36]  *Id.* at *2.

[37]  *Allen v. Home Depot U.S.A., Inc.*, 2004 WL 2270001, *2 (W.D. Tex. 2004) (not reported).

[38]  Exhibit "A."

In fact, Gipson specifically alleges that "Wal-Mart Stores, Inc. is responsible for damages as well as punitive damages because the acts of its agents were the acts of Wal-Mart under the vice-principal doctrine."[39]

## VII. CONCLUSION

Any acts and/or omissions purportedly committed by Costin were undertaken in the course and scope of her employment for Wal-Mart. As no reasonable possibility exists that Gipson can recover against Costin, it is clear that Costin was improperly joined as a nominal defendant for the sole purpose of defeating diversity, and depriving this Court of jurisdiction.

## VIII. PRAYER

WHEREFORE, **DEFENDANTS WAL-MART STORES TEXAS, L.L.C.** (incorrectly named as Wal-Mart Stores, Inc.) and **SARAH COSTIN** (incorrectly named as Sara Costin), pray that this Court find that Sarah Costin was improperly joined as a defendant in the instant case, and that the above-styled action now pending in the District of Harris County, Texas, be removed therefrom to this Honorable Court.

---

[39] *Id.*

Respectfully submitted,

John A. Ramirez
Attorney in Charge
SBN. 00798450
Fed. Bar No. 21280
24 Greenway Plaza, Suite 1700
Houston, Texas  77046
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C. and
SARAH COSTIN

OF COUNSEL:

Megan M. Ardoin
SBN:  24046397
Fed. Bar No. 567343
BUSH & RAMIREZ, L.L.C.
24 Greenway Plaza, Suite 1700
Houston, Texas  77046
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
mardoin@bushramirez.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel by certified mail, return receipt requested and/or delivery service this 24th day of July, 2008.

Lloyd E. Kelley
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005

_____
John A. Ramirez